1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   UNITED STATES OF AMERICA,

9                          Plaintiff,          CASE NO. CR20-217-RAJ

10              v.                              **DETENTION ORDER**

11   GABRIEL VAZQUEZ-RUIZ,

12                          Defendant.

13          The Court conducted a detention hearing under 18 U.S.C. § 3142(f), and concludes there

14   are no conditions which the defendant can meet which would reasonably assure the defendant's

15   appearance as required or the safety of any other person and the community.

16          **FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

17          Defendant is charged by grand jury indictment with conspiracy to distribute controlled

18   substances. If convicted as charged, he faces a mandatory minimum term of imprisonment of no

19   less than ten years and a maximum term of life. This offense carries with it a presumption of

20   detention. Defendant appeared for his initial appearance on December 16, 2020 with appointed

21   counsel. By counsel he requested the Court to conduct a detention hearing at the initial

22   appearance.

23          Defendant presented no information to the Court about his ties to the community, health,

employment, family situation, mental health or substance use. The initial pretrial investigation

DETENTION ORDER - 1

indicates defendant is 34 years of age, was born in Mexico, and is a Mexican national. Defendant presented no information or argument about the nature of the offense and his alleged role that would support release.

The government argued defendant should be detained and proffered that defendant has participated in the alleged conspiracy for an extended time, going back to at least May 2019. The government proffered that defendant's role in the criminal conspiracy was not minor, and that he facilitated the conspiracy through trafficking and supplying drugs to others in the conspiracy. The government also proffered that defendant's drug activity continued despite the fact he had been arrested and charged in King County Superior Court with Child Molestation in the First Degree in October 2020. After defendant obtained release in this case, the government proffered he continued with his drug trafficking activities in violation of his conditions of release.

Defendant did not argue his personal circumstances, or the allegations against him are insufficient grounds to detain him. Rather defendant argued the Court should release him because of the number of COVID-19 cases at the Federal Detention Center (FDC) at SeaTac. Defendant's lawyer argued detention would violate defendant's constitutional rights under the Eighth Amendment to be detained in a facility that jeopardizes his health, and that the conditions at the FDC are so dangerous they violate defendant's due process and right to be free of cruel and unusual punishment. Defendant did not proffer he has health conditions that make him particularly vulnerable to the impact of COVID-19. He argued the lack of vulnerability was irrelevant because the conditions at the FDC are so dangerous it does not matter whether defendant is vulnerable. Defendant made the analogy that if one thought of the FDC conditions as a "wood-chipper" then one would conclude that vulnerability is irrelevant because no defendant should be placed into a "wood-chipper."

DETENTION ORDER - 2

1    The Court declines to adopt defendant's argument that the conditions at the FDC require

2    the Court to release defendant, and essentially all defendants. Defendant's argument that the

3    FDC's conditions violate the constitution is an argument upon which no factual basis was

4    presented or established. There is no dispute the FDC has experienced a recent spike in the

5    number of COVID-19 cases but defendant presented no evidence that the conditions at the

6    detention facility therefore violate the constitution or that facility is disregarding or is indifferent

7    to the health needs of the individuals detained there.

8    Defendant also argued he should be released because the safety and quarantine

9    procedures implemented by the FDC to combat the impact of COVID-19 make communications

10   between counsel and client so difficult that defendant would be denied effective assistance of

11   counsel. A defendant's ability to communicate with defense counsel is important but the Court

12   does not view it as grounds that mandate release from detention. The challenges of representing a

13   criminal defendant is an issue  more properly brought in a motion presented to the assigned trial

14   judge, as such challenges may affect the amount of time counsel and defendant need to be

15   prepared for trial.

16   It is therefore **ORDERED**:

17   (1)    Defendant shall be detained pending trial and committed to the custody of the

18   Attorney General for confinement in a correctional facility separate, to the extent practicable,

19   from persons awaiting or serving sentences, or being held in custody pending appeal;

20   (2)    Defendant shall be afforded reasonable opportunity for private consultation with

21   counsel;

22   (3)    On order of a court of the United States or on request of an attorney for the

23   Government, the person in charge of the correctional facility in which Defendant is confined

DETENTION ORDER - 3

shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

      (4)     The Clerk shall provide copies of this order to all counsel, the United States Marshal, and to the United States Probation and Pretrial Services Officer.

      DATED this 16th day of December, 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge

DETENTION ORDER - 4