THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-0217-JCC-7 |
| Plaintiff, | ORDER |
| v. | |
| GABRIEL VAZQUEZ-RUIZ, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to reduce sentence pursuant to Amendment 821 of the United States Sentencing Guidelines ("USSG") and 18 U.S.C. § 3582(c)(2) (Dkt. No. 760). Having considered the briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

Defendant was sentenced on November 29, 2022, (*see generally* Dkt. No. 483), after pleading guilty to conspiracy to distribute controlled substances, (*see generally* Dkt. Nos. 353, 369). In applying the 2021 Sentencing Guidelines, the United States Probation and Pretrial Services Office ("Probation") calculated Defendant's total offense level to be 29, with a criminal history score of zero (thus establishing a criminal history Category of I). (*See* Dkt. No. 475 at 9–10.) This would have placed his guideline range at 97 months to 108 months, (*see id*. at 12), but for the fact that the offense to which Defendant pled guilty carried with it a mandatory minimum sentence of 120 months. (*Id*.); *see also* 21 U.S.C. § 841(b)(1)(A). The Court imposed a sentence

of 120 months.[1] (Dkt. No. 483 at 2.)

Defendant now asks for a reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, Part B, Subpart 1 of the USSG. (*See* Dkt. No. 760.) To qualify for such a sentence reduction, two conditions must[2] be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *See United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). Part B, Subpart 1 of Amendment 821 provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria. *See* USSG § 4C1.1(a).

However, sentence reductions are not available to defendants who have been sentenced to the applicable mandatory minimum sentence. As the Ninth Circuit has stated, "[i]t is axiomatic that a statutory minimum sentence is mandatory." *United States v. Sykes*, 658 F.3d 1140, 1146 (9th Cir. 2011). As such, defendants who have been sentenced to the applicable mandatory minimum sentence necessarily fail to the meet the conditions to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2).

As to the first condition, when a defendant is subject to a mandatory minimum sentence, the sentence is never "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009). In turn, a retroactive amendment to the Guidelines cannot reduce a sentence below the statutory minimum term. *Id.* at 1095–96. As to the second condition, any reduction to a sentence imposed as the

---

[1] At sentencing, the Court also determined that the applicable criminal history Category for Defendant was, in fact, II. *See* Statement of Reasons ("SOR") at 1. A defendant who falls into criminal history Category II thereby maintains a criminal history score of two or three points. *See* USSG Ch. 5 Pt. A (Sentencing Table).

[2] A district court does not have jurisdiction to reduce the defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

mandatory minimum is necessarily inconsistent with the Sentencing Commission's applicable policy statements. Indeed, USSG § 5G1.1(c)(2) states that a sentence "may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence." No retroactive amendment has altered this provision.

Therefore, when both the statutory mandatory penalty and the applicable sentencing range remain exactly as they were at the time of the original sentencing proceeding, a sentence reduction is not consistent with the policy statement and thus not authorized under 18 U.S.C. § 3582(c)(2). *See* USSG § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.").

Defendant's sentence of 120 months' imprisonment was the mandatory minimum for the relevant offense. (*See* Dkt. No. 483 at 2); *see also* 21 U.S.C. § 841(b)(1)(A). Defendant thus fails to meet the conditions for a sentence reduction under 18 U.S.C. § 3582(c)(2), without even reaching the analysis under Amendment 821.[3] In turn, the Court lacks jurisdiction to reduce Defendant's sentence. *See Wesson*, 583 F.3d at 730.

Defendant's motion for a reduction of his sentence (Dkt. No. 760) is DENIED.

DATED this 13th day of September 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] Nevertheless, even if Defendant did not receive the mandatory minimum sentence, Defendant still would not qualify for a sentence reduction pursuant to Amendment 821 because the Court determined that Defendant scored in criminal history Category II, and therefore had two or three criminal history points. *See* SOR at 1; *see also* USSG § 4C1.1(a)(1) (providing adjustment for defendants who "did not receive any criminal history points from Chapter Four, Part A").